UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-cr-0083 (ECT/DJF)

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER ALLAN AMELSBERG,

Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and the defendant, Christopher Allan Amelsberg, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

**Charges**. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Production and Attempted Production of Child Pornography, in violation 18 U.S.C. § 2251(a) and 2251(e). In consideration for the defendant's plea of guilty, the government agrees it will not seek a Superseding Indictment or otherwise pursue charging the defendant with additional Production or Attempted Production of Child Pornography counts resulting from its present case or investigation.

The defendant fully understands the nature and elements of the crime with which he has been charged. Upon imposition of sentence, if there are remaining

1

counts, the government agrees to move to dismiss those remaining charges against the defendant contained in the Indictment.

1.    **Factual Basis**.  The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment.  In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines. The defendant admits that he acted voluntarily and knew that his actions violated the law.

The defendant admits that from in and around August 2023, through in and around May 2026, he used Quora, Snapchat, text messaging, and other internet-based social media and communications applications to engage female minor victims in sexually focused conversations for the purposes of producing or attempting to produce child pornography. The defendant admits that he attempted to and did knowingly persuade, induce, entice, and coerce multiple minor victims to produce child pornography by having the minor victims record or photograph themselves performing sexually explicit conduct. At other times, the defendant would engage in and screen record video calls with minor victims during which they engaged in masturbation and discussed engaging in sexual activity with the defendant. The defendant admits that he knew the minor victims were between the ages of 14 and 17 years old at the time of his conduct.

*Count 1 and Minor Victim 1.*  The defendant admits that from August 2025 to October 2025, the defendant knowingly used online messaging platforms to engage

Minor Victim 1 in sexually focused conversations and to solicit and direct her to produce visual depictions of sexually explicit conduct.

Between August and September 2025, the defendant admits he knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The defendant admits that he did so by engaging in sexually focused conversations with Minor Victim 1 and soliciting and directing her to produce images and videos depicting herself engaged in sexually explicit conduct. The defendant admits that in this scheme to groom Minor Victim 1, he would refer to himself as "daddy" and Minor Victim 1 as "wifey." The defendant also admits that the requested videos and images were transported in and affected interstate commerce, including by use of his Samsung Galaxy S22 cell phone. The defendant admits that he knew Minor Victim 1 was 15 years old at the time because she discussed her age and that she was in school in their online communications.

As charged in Count 1, on or about August 27, 2025, the defendant requested that Minor Victim 1 record herself masturbating. Approximately four minutes later, Minor Victim 1 sent to the defendant an approximately 63-second video depicting her inserting an object into her vagina. On dates thereafter, the defendant admits that he continued to knowingly persuade and coerce Minor Victim 1 to produce additional images and videos for him which depicted child pornography.

*Other Relevant Conduct.* The defendant admits that he communicated via Google Chat with other third parties for the purpose of "trading" lascivious or

sexually explicit images of children. On or about December 10, 2025, the defendant sent 11 close-up images of the genitals of prepubescent females to another individual using Google Chat. One such image depicted Minor Victim 3. The defendant admits that he described these images as depicting "random girls" between the ages of "13-16." The defendant also sent this third party a surreptitiously recorded video of Minor Victim 4 naked in the shower, and a video of Minor Victim 4 masturbating. The defendant admits that he had personally produced or obtained these videos on his phone and knew that Minor Victim 4 was 17 years old at the time of his conduct. The defendant agrees that he distributed child pornography using an internet-based messaging application, causing the images and videos to cross states lines.

The defendant agrees and stipulates that additional victims of his criminal scheme are relevant for purposes of the Guidelines and the parties' and Court's assessments of the 3553(a) factors. To date, the United States has identified a total of at least 12 minor victims from whom the defendant solicited and enticed, or attempted to solicit and entice, to either produce child pornography, engage in unlawful sexual acts, or both. The defendant acknowledges that, from at least January 2022 through May 2026, he engaged in an ongoing scheme to produce and receive child pornography from minor victims via the internet.

At the time of the above offenses, the Defendant was on the Minnesota Predatory Offender Registry due to his prior 2013 conviction for possession of pornographic work involving a minor in violation of Minn. Stat. § 617.247. The defendant agrees that he has a prior conviction for possession of child pornography

4

in the State of Minnesota that qualifies him for enhanced sentencing under 18 U.S.C. § 2251(e).

2.     **Waiver of Pretrial Motions.**  The defendant understands and agrees that the defendant has certain rights to file pre-trial motions.  As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case.  The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

3.     **Waiver of Constitutional Trial Rights.**  The defendant understands that he has the right to go to trial.  At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him.  The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial.  By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel.  The defendant understands that a guilty plea is a complete and final admission of guilt

and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

4. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

5. **Statutory Penalties**. The defendant understands that Count 1 of the Indictment, charging Production and Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and 2251(e) is a felony offense that carries the following statutory penalties:

   a. a mandatory minimum of 25 years in prison;

   b. a maximum of 50 years in prison;

   c. a supervised release term of at least five years up to a maximum supervised release term of life;

   d. a maximum fine of $250,000;

   e. restitution to victims as agreed to by the parties in this agreement and any mandatory restitution as provided for in this agreement;

   f. a mandatory special assessment of $100 under 18 U.S.C.

§ 3013(a)(2)(A);

g.    a mandatory additional special assessment of $5,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

h.    additional special assessments pursuant to 18 U.S.C. § 2259A(a)(3) of up to $50,000 for production of child pornography.

6.    **Guidelines Calculations**.    The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.*  Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence.  The parties stipulate to the following guidelines calculations:

a.    Base Offense Level.  The parties agree that the base offense level for Count 1 is **32**.  U.S.S.G. § 2G2.1(a).

b.    Specific Offense Characteristics.  The parties agree that the offense level should be increased by **2 levels** because the offense involved a minor who was older than 12 years old but younger than 16 years old. U.S.S.G. § 2G2.1(b)(1)(B).

The parties agree that the offense level should be increased by **2 levels** because the offense involved the use of a computer or interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct. U.S.S.G. § 2G2.1(b)(1)(6)(B).

The parties agree that no other specific offense characteristics apply.

c.    Chapter 3 Adjustments.  The parties agree that the offense level should be increased by **2 levels** because the defendant used or attempted to use a person less than 18 years of age to commit the offense or assist in avoiding detection of, or apprehension for the offense. U.S.S.G. § 3B1.4.

7

d. <u>Repeat and Dangerous Sex Offender Against Minors.</u> The parties agree that a **5-level** upward adjustment applies because the instant offenses include covered sex crimes, neither U.S.S.G. §§ 4B1.1 nor 4B1.5(a) apply, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. U.S.S.G. § 4B1.5(b)(1).

e. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1-level reduction** pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

f. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category II. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

8

g. <u>Guidelines Range</u>. If the adjusted offense level is **40**, and the criminal history category is II, the Sentencing Guidelines range is **324-405.**

The defendant understands that, regardless of the Guidelines range, the statutory mandatory minimum sentence in this matter is 25 years, or **300 months of imprisonment**.

h. <u>Fine Range</u>. If the adjusted offense level is 40, the Sentencing Guidelines fine range is $50,000 to $500,000. U.S.S.G. § 5E1.2(c).

i. <u>Supervised Release</u>. The Sentencing Guidelines' term of supervised release is 5 years to life. U.S.S.G. § 5D1.2.

7. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal

9

history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

9.    **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate.  The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

10.    **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees that the $100 special assessment under 18 U.S.C. § 3013 is due and payable at the time of sentencing. The defendant also understands that the Court may impose special assessments of $5,000 payable to the Domestic Trafficking Victims' Fund, 18 U.S.C. § 3014, and up to $50,000 pursuant to the Amy, Vicky, and Any Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259(A)(a)(3). Imposition of these special assessments is guided by the factors set forth in 18 U.S.C. § § 3553(a) and 3572, including the defendant's ability to pay.

11.    **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victims Restitution Act), apply and that the Court is required to order the defendant to make restitution to the

10

victim(s) of the defendant's conviction for Count 1 for the full amount of victim(s)' losses.

Defendant agrees that restitution is due and owing under 18 U.S.C. § 3663A and 18 U.S.C. § 2259, and agrees to pay restitution. Specifically, pursuant to 18 U.S.C. § 3663A(a)(3), the defendant understands and agrees to pay restitution to any individual whose child pornography image or video he produced, possessed, distributed, or received, as identified by the investigation, whether or not the victim(s) are included in the count(s) to which the defendant is pleading guilty. This includes Minor Victims 1 through 12. The defendant understands that the restitution amount for individuals covered under 18 U.S.C. § 2259 will be determined prior to sentencing.

The defendant understands that the Court may order additional restitution if additional victim losses are identified at the time of sentencing. The defendant agrees that restitution shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

12.     **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant

11

exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

13. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense[s]; and

12

c.    any property, real or personal, used or intended to be used to commit or to promote the commission of such offense[s] or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to:

a.    Samsung Galaxy S22 Ultra (SM-S908U), IMEI 350962379243527, serial number R5CT606H1KF

b.    HP ProtectSmart Beats Special Edition Laptop containing Samsung 750GB HDD Model #ST750LM022

c.    Seagate external hard drive blue/black color

d.    Gray/Blue Samsung Sprint Flip Phone, Model: SPHM360

The defendant agrees that these items are subject to forfeiture because they were used to commit Count 1 of the indictment. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture. The United States reserves the right to forfeit additional directly forfeitable property. If any of the above-described property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any

13

interest the defendant may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, the defendant withdraws any such challenges.

14. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above high-end of the Guidelines range as determined by the Court at the time of sentencing.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the

14

offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 300 months' imprisonment.

15. **Sex Offender Registration.** The defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant may be subject to federal, state, and/or tribal-offender registration requirements and that those requirements may apply throughout the defendant's life. *See* 18 U.S.C. § 2250, 34 U.S.C. § 20901, *et seq.*

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant

acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

DANIEL N. ROSEN
United States Attorney

Date: 7 | 27 | 26

BY:   AUSTIN D. BOWYER
Assistant United States Attorney

Date: 7-27-26

CHRISTOPHER A. AMELSBERG
Defendant

Date: 7.27.26

JAMES BECKER
Counsel for Defendant